IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA WILKERSON                                                                                           PLAINTIFF

v.                                         Civil No. 2:23-cv-02128-SOH-MEF

SHERIFF HOBERT RUNION, *et. al.*                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed his Complaint on October 26, 2023.  (ECF No. 1).  In the Order granting him *in forma pauperis* status, Plaintiff was advised that he must immediately inform the Court of any address change, or his case would be subject to dismissal.  (ECF No. 3).  Plaintiff submitted an Amended Complaint on December 12, 2023.  (ECF No. 13).

On April 12, 2024, Defendants submitted a Motion to Dismiss Pursuant to Local Rule 5.5(c)(2).  (ECF No. 24).  As grounds, they state that mail sent to Plaintiff in the Arkansas Division of Correction ("ADC") has been returned, indicating that he is no longer an inmate housed in the ADC Varner Unit.  (*Id*. at 1).  Attached to the Motion is the returned envelope sent to Plaintiff, marked "Unable to Forward."  (ECF No. 24-1).  On April 15, 2024, the Court entered an Order directing Plaintiff to communicate with the Court by May 6, 2024.  (ECF No. 26).  This Order was

mailed to the ADC Varner Unit, and it was returned as undeliverable on May 1, 2024. (ECF No. 27).

To date, Plaintiff has failed to inform the Court of his new address, has failed to communicate with the Court, and has failed to prosecute this case.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule

5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 13) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of June 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE